CHARLES HAPPEL, INC., A/C SIDNEY R. LEVINE v. UNITED STATES

**No. 6093.**—Invoices dated Failsworth, Manchester, England, June 16, 1941, etc.
　　　Certified June 17, 1941, etc.
　　　Entered at New York, N. Y., July 12, 1941, etc.
　　　Entry No. 702515, etc.

(Decided February 2, 1945)

*Strauss & Hedges* (*Hadley S. King* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the court:

That the merchandise the subject of the appeals to reappraisement enumerated above, consists of fur felt hats imported from Great Britain; that at the time of exportation, the merchandise covered by the instant appeals to reappraisement or such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Great Britain in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States at the entered values, less the amount added by the importer under duress; that such or similar merchandise was offered for sale in Great Britain only for export to the United States; that the appeals are abandoned as to all merchandise not entered under duress and the instant cases submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise entered under duress, and that such values are the entered values, less the amount added by the importer under duress.

The appeals having been abandoned insofar as they relate to all merchandise not entered under duress, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.